## HALL v. BRENNAN.

(Supreme Court, Appellate Division, Second Department.　October 18, 1901.)

PAYMENT—CONFLICTING EVIDENCE—APPEAL.

　　Defendant pleaded payment in full of bills on which he was guarantor. A check for part of the amount, indorsed "in full to date," and a receipted bill for the full amount, were introduced.　There was evidence that the receipt and check were fraudulently altered.　The evidence was conflicting.　*Held*, that a verdict for plaintiff would not be disturbed.

Appeal from municipal court, borough of Brooklyn, Third district.

Action by Robert S. Hall against Felix Brennan.　From a judgment for plaintiff, defendant appeals.　Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Caesar Simis, for appellant.

John S. Bennett, for respondent.

WOODWARD, J.　The defendant in this action guarantied the payment of the bills of the plaintiff for building materials furnished to the contractor, and this action was brought to recover $180, being a balance due upon an original bill of $900; resulting in a judgment for the full amount.　The defendant appeals.

The defendant pleaded payment in full, putting in evidence a receipted bill for the full amount, and a check for $720, on the back of which were the words "in full to date."　The theory of the defense was that the plaintiff had agreed to a compromise, and had accepted 80 per cent. of the bill of $900 in full of the demand.　There was a conflict of evidence.　The plaintiff and his witnesses denied the compromise, and there was evidence from which the court might properly conclude that the words "in full to date" were added to the check after it had been used, and that the alleged receipt in full had been produced in the same way.　It is not denied, but is conceded, that the goods were delivered to the defendant under his guaranty of payment, and, the evidence failing to convince the learned trial court that the demand of the plaintiff had been satisfied, in the presence of a conflict of evidence it is not for this court to interfere to give the defendant another opportunity to litigate this case.

The judgment appears to be in harmony with the demands of justice, and should be affirmed, with costs.　All concur.